IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL FIELDS, #K-52492** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 14-cv-01096-MJR |
| ) | |
| **RICHARD RANSOM and** ) | |
| **C/O QUANT,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Michael Fields, an inmate currently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* civil rights action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff asserts that Defendants violated his rights under the First and Eighth Amendments and the Equal Protection Clause of the Fourteenth Amendment.

The complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## The Complaint

The facts pertinent to the Court's threshold review are as follows: On August 24, 2010 and again in May 2012, Plaintiff was issued a pair of state eyeglasses at Menard

Correctional Center. (Doc. 1, p. 3). On June 6, 2012, Plaintiff and his cellmate were removed from their cell for a random shakedown, which resulted in a determination that the cell was "clean." *Id*. at 3 and Ex. 1. Three days later, on June 9, Plaintiff and his cellmate were again removed from their cell for another random shakedown. *Id*. at 3. This search was conducted by Defendants Ransom and Quant, and it resulted in the confiscation of Plaintiff's and his cellmate's eyeglasses. *Id*. at 3 and Ex. 2, 3, and 3A. Plaintiff has attached a copy of the notice he received following the confiscation of his glasses, but the quality of the copy is quite poor, making it difficult for the Court to clearly decipher its contents. However, it appears that the report identified a pair of eyeglasses with "pointed metal rods" in the earpiece as "minor contraband." *Id*. at Ex. 2.

Six months prior, on December 3, 2012, Plaintiff filed a grievance against Defendant Quant following an incident in which Quant refused to allow Plaintiff to use the bathroom while Plaintiff was waiting to be seen in the healthcare unit. *Id*. at Ex. 4. The bathrooms in the healthcare unit are reserved for staff. *Id*. When Plaintiff protested and told Quant, "I need to urinate and have been holding it for the past 30 minutes," Quant responded, "So what, I don't care. You're going to have to hold it." Quant then said, "In fact, you're going back to the cellhouse." He then cancelled Plaintiff's pass and sent Plaintiff back to his cell. *Id*. In response to Plaintiff's grievance, the counselor noted, "Contacted health care unit and verified bathroom is for staff only. Unable to verify reasons for you not being allowed upstairs." *Id*.

On June 25, 2013, Plaintiff and his cellmate were again removed from their cell for a random shakedown of the cell. *Id*. at 4. An incident report following the shakedown notes that no contraband was found. *Id*. at Ex. 5.

Sometime in late August or early September 2013, Plaintiff had the opportunity to

ask Defendant Ransom why he had taken Plaintiff's eyeglasses. Defendant Ransom replied, "You complain too much." *Id*. at 4.

Plaintiff filed multiple grievances regarding the confiscation of his eyeglasses and made several attempts through various channels to ascertain why his eyeglasses had been seized. *Id*. at Ex. 6 and 7. Plaintiff seeks monetary relief.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court finds it appropriate to organize the claims in Plaintiff's *pro se* amended complaint, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1:** **First Amendment Retaliation Claim**

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about the conditions of their confinement. *See, e.g., Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000). To state a claim of retaliation "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

Plaintiff asserts that Defendant Quant confiscated Plaintiff's eyeglasses in retaliation for Plaintiff filing a grievance complaining about Quant in December 2012. Plaintiff further alleges that Defendant Ransom acknowledged as much when he said that he had confiscated Plaintiff's eyeglasses because Plaintiff complains too much. These retaliatory

actions, Plaintiff contends, violated his rights under the First Amendment. Even if these allegations would not be actionable in and of themselves, if the acts were taken in retaliation for the exercise of a constitutionally protected right, then they are actionable under § 1983. *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (discussing *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) ("[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper.")); *see also Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (per curiam) (retaliatory transfer of a prisoner); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996) (retaliatory delay in transferring prisoner); *Cornell v. Woods*, 69 F.3d 1383, 1389 (8th Cir. 1995) (retaliatory discipline).

An inmate has a First Amendment right to file grievances about the conditions of his confinement. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). At issue here is whether Plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in Defendants' decision to confiscate Plaintiff's eyeglasses. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). This is a question that cannot be resolved at the pleadings stage of this case. Thus, Plaintiff may proceed on his retaliation claim against Defendants Ransom and Quant at this time.

**Count 2:     Eighth Amendment Claim**

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail on a conditions of confinement claim, a plaintiff must allege facts

that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceed contemporary bounds of decency of a mature civilized society. *Id*. The subjective component requires that a prison official had a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298; *see also McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994).

Plaintiff alleges that Defendants violated his rights under the Eighth Amendment, but he provides no further explanation or facts to support this claim. Plaintiff does not assert that Defendants acted with deliberate indifference to a serious medical need nor does he complain about the conditions of his confinement (outside of the alleged retaliatory acts committed by Defendants). In fact, nowhere does Plaintiff suggest that he is unable to see without his glasses or that the glasses that were taken were his only pair. The complaint also does not discuss whether Plaintiff has attempted to procure another pair of glasses. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's bald assertion that Defendants have violated his rights under the Eighth Amendment fails to meet this standard. Accordingly, Count 2 will be dismissed.

**Count 3:    Equal Protection Claim**

To state an equal protection claim, a plaintiff must establish that a state actor has purposely treated him differently than similarly situated persons. *Id.* A "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state

officials had purposefully and intentionally discriminated against him.'" *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir. 1987), *cert. denied*, 484 U.S. 935 (1987) (citing *Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir. 1982)).

Plaintiff alleges that Defendants retaliated against him for filing a grievance and complaining too much. But nowhere does Plaintiff suggest that Defendants treated him differently than other similarly situated inmates (i.e., other inmates who had eyeglasses similar to Plaintiff). For this reason, Count 3 will also be dismissed.

In summary, Plaintiff may proceed on his First Amendment retaliation claim (Count 1) against Defendants Ransom and Quant, in their individual capacities. However, the Eighth Amendment claim (Count 2) and the Equal Protection claim (Count 3) shall be dismissed.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 3) remains pending and shall be referred to United States Magistrate Judge Williams and addressed in a separate order.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's claim for damages against Defendant **RANSOM** and **QUANT** on **COUNT 1** shall proceed.

**IT IS FURTHER ORDERED** that **COUNTS 2 and 3** are **DISMISSED** against all Defendants without prejudice for failure to state a claim upon which relief may be granted.

The Clerk of Court shall prepare for Defendants **RANSOM** and **QUANT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons

(Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all*

*parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 4, 2014**

s/ MICHAEL J. REAGAN
Chief District Judge